UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

*****************************************

GLADYS ZVOVUSHE

          Plaintiff,

V.

BRIDGEPORT HEALTH CARE
CENTER, INC.

          Defendant.

*****************************************

CIVIL ACTION CASE NO.
3:02-CV-02121 AVC

November 5, 2003

## ANSWER TO COMPLAINT

### Jurisdiction and Venue

1. Paragraph number 1 describes the nature of the action and the basis for the court's jurisdiction and thus does not call for a response.

2. The defendant admits that venue is proper.

3. Paragraph 3 sets forth the statutory basis for supplemental jurisdiction over the plaintiff's state law claim and thus does not call for a response.

4. The defendant admits that costs, expert witness fees and attorneys fees are sought by the plaintiff pursuant to 42 U.S.C. §1988 but denies that the plaintiff is entitled to any such costs or fees.

## The Plaintiff

5. The defendant lacks sufficient knowledge or information to respond the allegations of paragraph 5 and on that basis denies said allegations and leaves the plaintiff to her proof.

6. The defendant admits that the plaintiff is an African-American female but denies that she was fifty years old when the complaint was filed.

## The Defendant

7. Defendant Bridgeport Health Care Center, Inc. admits that it has two facilities, namely, Bridgeport Health Care Center ("BHCC") and Bridgeport Manor.

8. Admitted.

9. Admitted.

## Preliminary Statement

10. Paragraph 10 describes what relief the plaintiff seeks in this action and thus does not call for a response; however the defendant denies that it violated Title VII or State law and further denies that the plaintiff is entitled to recover any damages or other relief in this action.

## Facts

11. The defendant lacks knowledge or information sufficient to respond to the allegation that it employed the plaintiff as a registered nurse from 1985 through a temporary agency and therefore denies that allegation and leaves the plaintiff to her proof. The defendant denies the allegation in paragraph 11 that the plaintiff became a full time employee in 1999 until her termination on September 19, 2001.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Admitted.

17. The defendant admits that the plaintiff worked double shifts frequently in 1999 and 2001 but denies all the remaining allegations of paragraph 17.

18. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 18 and therefore denies said allegations and leaves the plaintiff to her proof.

19. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 19 and therefore denies said allegations and leaves the plaintiff to her proof.

20. Denied.

21. The defendant denies the allegation of paragraph 21 because there was no policy change to notify the plaintiff and her coworkers of.

22. The defendant lacks sufficient knowledge or information to respond to the allegation that the plaintiff complained to Bibi (erroneously named as Betty) Flores and leaves the plaintiff to her proof with respect to that allegation. The remaining allegations of paragraph 22 are admitted.

23. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 23 and therefore denies said allegations and leaves the plaintiff to her proof.

24. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 24 and therefore denies said allegations and leaves the plaintiff to her proof.

25. Denied.

26. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 26 and therefore denies said allegations and leaves the plaintiff to her proof.

27. Denied.

28. Admitted.

29. Denied.

30. Admitted.

31. Admitted.

32. Denied.

33. Admitted except the plaintiff reported to work on September 18, 2001 at 8:11 a.m.

34. Admitted.

35. Denied.

36. Denied.

37. In response to paragraph 37, the defendant admits that a sick nurse would normally be allowed to go home and that Ms. Cacace told the plaintiff to report to Bridgeport Health Care Center. The defendant denies any inference or implication from the word "although" that the plaintiff informed Ms. Cacace that she was ill.

38. Denied.

39. The plaintiff lacks sufficient knowledge or information to respond to the allegations of paragraph 39 and therefore denies said allegations and leaves the plaintiff to her proof.

40. Denied.

41. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 41 and therefore denies said allegations and leaves the plaintiff to her proof.

42. The defendant admits that the plaintiff was assigned to the second floor of BHCC and that at that time some of the patients on the second floor were ambulatory and allowed to walk around. The defendant denies any implication that all of the patients on the second floor were ambulatory and allowed to walk around.

43. Admitted.

44. Denied.

45. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 45 and therefore denies said allegations and leaves the plaintiff to her proof.

46. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 46 and therefore denies said allegations and leaves the plaintiff to her proof.

47. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 47 and therefore denies said allegations and leaves the plaintiff to her proof.

48. The defendant denies that the plaintiff was given an inadequate briefing but even if she was, it was her responsibility to make sure that the briefing was adequate. The defendant lacks sufficient knowledge or information as to the time that the plaintiff began her morning duties of administering medications and on that basis denies said allegation and leaves the plaintiff to her proof.

49. Admitted.

50. The defendant denies any implication that all of the patients on the second floor were ambulatory but otherwise admits the allegations of paragraph 50.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Admitted.

56. Admitted.

57. Denied.

58. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 58 and therefore denies said allegations and leaves the plaintiff to her proof.

59. The defendant lacks sufficient knowledge or information to respond to the allegations of the first sentence of paragraph 59 and therefore denies said

allegations and leaves the plaintiff to her proof. The allegations of the second sentence of paragraph 59 are denied.

60.  Admitted.

61.  The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 61 and therefore denies said allegations and leaves the plaintiff to her proof.

62.  Denied.

63.  As to paragraph 63, the defendant admits that the plaintiff completed her shift but denies that she was ill during her shift.

64.  The defendant denies the allegation that on the following day the plaintiff was "still" ill in that said allegations presupposes that the plaintiff was ill on September 18, 2001. The defendant lacks sufficient knowledge or information regarding the remaining allegations of paragraph 64 and therefore denies said remaining allegations and leaves the plaintiff to her proof.

65.  Admitted.

66.  Admitted.

67.  Admitted.

68.  Admitted.

69.  Admitted that during the telephone call on September 19, 2001, the plaintiff was not given the opportunity to explain or correct the issue.

70.  The plaintiff admits the allegations of paragraph 70 except the defendant denies that any other employee has ever had a report of poor medication pass checks as bad as the plaintiff's.

71. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 71 and therefore denies said allegations and leaves the plaintiff to her proof.

72. Denied

73. Denied

74. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 74 and therefore denies said allegations and leaves the plaintiff to her proof.

75. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 75 and therefore denies said allegations and leaves the plaintiff to her proof.

76. The defendant lacks sufficient knowledge or information to respond to the allegations of paragraph 76 and therefore denies said allegations and leaves the plaintiff to her proof.

**COUNT ONE: Claim of Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq.**

77. Denied.

78. Denied.

79. Denied.

80. The defendant admits that the plaintiff was not given a warning or opportunity to improve but denies the implication that there was any Caucasian nurse who had committed pass errors that were as egregious as those committed by the plaintiff.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

**COUNT TWO: Claim of Racial Discrimination in Violation of Conn. Gen. Stat. §46a-60(a)(1)**

87. Denied.

88. Denied.

89. Denied.

90. The defendant admits that the plaintiff was not given a warning or opportunity to improve but denies the implication that there was any Caucasian nurse who had committed pass errors that were as egregious as those committed by the plaintiff.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

THE DEFENDANT
BRIDGEPORT HEALTHCARE CENTER, INC.

By: _____
Warren L. Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT 06460
(203) 783-1200
Fed. ID# CT13127


**CERTIFICATION**

This is to certify that a copy of the foregoing Answer was mailed this date, first class mail, postage prepaid to the following:

Eugene N. Axelrod, Esq.
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT  06525

Michael J. Melly, Esq.
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge, CT  06525

_____
Warren L. Holcomb, Esq.